

CLAUSEN MILLER P.C.
CHICAGO, IL
NEW YORK
CALIFORNIA
NEW JERSEY
INDIANA
WISCONSIN
CONNECTICUT
FLORIDA
TEXAS

CLAUSEN MILLER LLP
LONDON, ENGLAND

CMI CLAUSEN MILLER INTERNATIONAL
Clausen Miller LLP, LONDON
Clausen Miller P.C.
Grenier Avocats, PARIS
Studio Legale Corapi, ROME
van Cutsem-Wittamer-Marnef & Partners, BRUSSELS

Attorneys at Law     28 Liberty Street, 39th Floor • New York, NY 10005 • www.clausen.com
Tel: 212.805.3900 • Fax: 212.805.3939

**Harvey R. Herman, Esq.**
**Direct Line:**     **(312) 606-7451**
**E-Mail:**          **hherman@clausen.com**

August 23, 2024

<u>**VIA ECF**</u>

Magistrate Judge Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 420
White Plains, NY 10601-4150

    Re: *The Wave Studio, LLC v. General Hotel Management, Ltd., et al.*
       Civil Action No:  7:13-cv-09239-CS

Dear Judge Reznik:

  On July 31, 2024, certain Defendants and Plaintiff participated in a settlement conference with Your Honor. At the conclusion of the settlement conference, Your Honor requested that the parties submit proposed procedures for the Court to address four issues that may impact the parties' positions in settlement, including whether discovery is required for any of the issues. The Plaintiff and certain of the Defendants have exchanged written proposals concerning the motion topics and on August 20, 2024, most of the Parties met and conferred on these matters during two separate sessions. The Defendants listed below submit this letter for Your Honor's consideration and Plaintiff will be submitting a separate letter setting forth its position.

  In accordance with Your Honor's request and the discussions held by the parties, the parties have identified the following topics for possible preliminary motion practice: 1) whether there is a lack of Personal Jurisdiction over certain Defendants; 2) whether claims or portions of claims as to certain Defendants are barred by the Statute of Limitations; 3) whether Plaintiff's claims as to certain Defendants are barred by the doctrine of extraterritoriality since the Copyright Act does not have extraterritorial effect; and 4) whether the Singapore decision (or any aspect of the decision) is binding on any of the Defendants (except for General Hotel Management) in the United States cases pending before Judge Seibel.

11138095.1



Magistrate Judge Victoria Reznik
August 23, 2024
Page 2

## I.  PRELIMINARY COMMENTS

The Defendants have the following preliminary comments. The comments are intended to address certain issues which have arisen between the Plaintiff and Defendants during the course of discussions on these matters.

Joint Motions Among Defendants

Plaintiff initially proposed that the Defendants jointly file one single motion on all of the topics. Plaintiff thereafter proposed that the Defendants file one joint defense motion on the question of whether and to what extent the Singapore decision is controlling in all of the cases before Judge Seibel, and then a second joint defense motion on all three other issues, after conducting discovery on the three other issues for several months. Both proposals are unworkable, would deprive Defendants of their respective rights under the Federal Rules of Civil Procedure and this Court's Local Rules, and are rejected by <u>all</u> of the Defendants. The reasons are obvious.

The Defendants, who are all individually sued in multiple different cases and are individually represented, are entitled to file their own motions. The Defendants are all presented with facts and liability claims which are separate and apart from each other based on the Plaintiff's complaint allegations. Each Defendant has unique facts and allegations relevant to the issue of whether this Court can exercise personal jurisdiction over it, whether the Copyright Act applies to it and whether the statute of limitations bars Plaintiff's claims based on the specific alleged infringements detailed in Exhibit A to the Master Complaint. (Dkt. 332 and 332-1.) Indeed, some Defendants may not intend to make motions on certain preliminary issues. Furthermore, some of the Defendants have potential adverse interests based on the manner in which the alleged infringements occurred.

Finally, having all of the Defendants coordinate to submit a single motion would be unduly burdensome given the disparate facts and the requirement that so many parties against which different claims have been made, to which different facts apply, and which are represented by different counsel. It would be essentially impossible for the Defendants to coordinate on joint motions that comply with the Court's page limitations. That Plaintiff does not want to have to answer multiple preliminary motions is of no consequence – as it was Plaintiff's choice to sue so many different Defendants on these claims. As Plaintiff bears the burden of proving its case as to each and every Defendant it elected to sue, Plaintiff must bear the burden of responding to multiple motions challenging the veracity of its pleadings. Plaintiff certainly would have to do so if the case proceeded in the normal course, as neither the Federal Rules nor the Local Rules require that co-defendants cooperate in submitting motions to dismiss or other responsive pleadings. Thus, contrary to Plaintiff's assertion in its position statement, Defendants' proposal below is more efficient for all involved – including the Plaintiff and the Court. The Defendants respectfully insist that each Defendant's individual right to file separate motions be recognized and enforced.

11138095.1



Magistrate Judge Victoria Reznik
August 23, 2024
Page 3

Discovery

The Plaintiff has proposed that it be entitled to conduct discovery on the motions, contrary to Judge Seibel's ruling last fall and the Federal Rules of Civil Procedure. As an example, Plaintiff has suggested that it be entitled to conduct discovery from each of the Defendants on all of the photographs which each Defendant allegedly displayed. This overly-broad request and "premature" discovery tactic was previously requested by Plaintiff and rejected by the Court during the November 29, 2023, status conference. Transcript 33:1-21, 34:9-15. The Court required the Plaintiff to file a Master Complaint and supporting exhibits which specifically identified all of the infringements on which the claims were based, including the date(s) of those infringements. Transcript 31:14-16.[1]

Based on the Master Complaint and supporting spreadsheet exhibit, certain of the Defendants can file motions under Federal Rule 12 based on what is alleged in the Complaint, and those are the motions that Defendants contemplate and do not require discovery, at least at this stage. *See, e.g. Kermanshah v. Kermanshah*, 580 F.Supp.2d 247, 258-59 (S.D.N.Y. 2008) ("A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading. Thus, in deciding such a motion to dismiss, 'the Court must limit its analysis to the four corners of the complaint.' The court, however, may consider documents attached to the complaint as an exhibit or incorporated in the complaint by reference.... the Court's rule in deciding a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' '[T]he issue is not whether a plaintiff will ultimately prevail but whether the claim is entitled to offer evidence to support the claims.'") (citations and quotations omitted); *Faulkner v. Beer*, 463 F.3d 130, 134 (2d. Cir. 2006)("[B]efore materials outside the record may become the basis for a dismissal, several conditions must be met. For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document... it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") (citations omitted). Plaintiff is not even automatically entitled to jurisdictional discovery against the foreign defendants it elected to bring into the case unless it is able to establish a genuine issue of jurisdictional fact. *See Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F.Supp.3d 287, 298 (S.D.N.Y. 2023) ("a court must balance the need to avoid subjecting a foreign defendant to extensive jurisdictional discovery against a plaintiff's potential difficulty proving jurisdiction

---

[1] The Defendants who attended the settlement conference on July 31, 2024, understood from Your Honor that Wave took the position that the statute of limitations did not bar its claims because Defendants supposedly took down and re-posted photographs, which re-started the clock for limitation purposes. Wave has, however, provided no evidence in support of this contention, nor are Defendants aware of such evidence. Wave also has not alleged such re-posting.



Magistrate Judge Victoria Reznik
August 23, 2024
Page 4

without discovery... '[d]iscovery need not be granted to allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts.'")(citations and quotations omitted).

<u>Waiver</u>

To the extent fact discovery after these preliminary Rule 12 motions reveals facts that may entitle other Defendants to assert defenses based on these issues (i.e. with respect to the Statute of Limitations), those Defendants may do so in the normal course (to the extent not prohibited by applicable procedural rules). To that end, it is crucial that Defendants who do not elect to participate in this preliminary motion practice to narrow the scope of the case based on Plaintiff's pleadings are not deemed to have waived their rights to assert defenses on these issues. By way of example, there are certain Defendants that can, on the pleadings alone, raise defenses based on the Statute of Limitations. Those are the Defendants that would presumably elect to engage in this preliminary motion practice. But for other Defendants, it is not clear on the face of Plaintiff's current pleading whether they have such a defense, so they would presumably file a responsive pleading that alleges the defense and obtain fact discovery on it in the normal course.

<u>Reasoning Behind Defendants' Proposal</u>

Based on the large number of Defendants and the types of issues that are at stake, the Defendants propose a tiered approach, where the motion topics are handled sequentially on a topic-by-topic basis. This is of importance to the Defendants and the Court because, among other considerations, judicial economy and the expected benefit of certain Defendants incurring expenses on motions which that Defendant might not actually need to address. As an example, a Defendant who is dismissed in its entirety based on personal jurisdictional grounds would not need to engage in motion practice on the other motion topics. While some Defendants may have both a personal jurisdiction and statute of limitations defense, the statute of limitations defense may not dispose of <u>all</u> claims against that Defendant, whereas a personal jurisdiction motion could do so. In such circumstances, it would be a waste of judicial and litigant resources to require litigation of motions on behalf of one or more Defendants over whom the Court does not have personal jurisdiction.

In connection with this issue, and as mentioned above, and except as otherwise might be set forth in the Federal Rules of Civil Procedure, the Defendants request acknowledgement that they do not waive any defenses or further opportunities to assert defenses by motion or otherwise if the defenses are not presented in a preliminary motion based on the pleadings during the schedule proposed below. The civil procedure waiver exception noted above, might be for example, a motion based on personal jurisdiction. In connection with these topics, the parties agree that all other proceedings be stayed (as is the current case status) except for settlement efforts.

Lastly, Defendants reject Plaintiff's proposal to require a motion on the impact of the Singapore decision on these U.S. cases before the Court rules on the preliminary questions of



personal jurisdiction, statute of limitations and extraterritoriality. Plaintiff's approach puts the proverbial cart before the horse and is contrary to the Federal Rules of Civil Procedure. A Defendant should not be required to participate in motion practice on a significant legal issue before it is determined that the Court has personal jurisdiction over that Defendant and before it is determined that the claims are not barred due to statute of limitations or extraterritoriality defenses. Such a procedure deprives Defendants of their rights and unfairly requires them to expend resources unnecessarily.

## II. PROPOSED MOTION SCHEDULE

The Defendants listed below submit the following proposal for preliminary motion practice and continued settlement discussions. The proposed schedule was created with the goal of starting with the broadest issue that would apply to all claims against a specific party (personal jurisdiction) to claims that may or may not apply to particular Defendants in their entirety (i.e. statute of limitations and extraterritoriality, which could apply to some allegedly infringed photographs, but not others). Ideally, only those Defendants against which Plaintiff alleged valid and timely claims in its pleading would need to engage in litigation related to issues like applicability of the Singapore decision. Defendants respectfully submit that this proposal is more efficient than if the case proceeded in the normal course under the Federal Rules, whereby each defendant would be permitted to submit a separate responsive pleading (including motions) at the exact same time, following which Plaintiff would have to respond to them simultaneously. If the Court does not agree that a tiered approach that would permit Plaintiff to stagger the timing of its oppositions is appropriate, Defendants respectfully request that a single responsive pleading deadline should be set whereby each Defendant may individually file their separate responsive pleadings (answers or motions to dismiss) pursuant to the Federal Rules.

1. Personal jurisdiction motions

    a. Defendants to file moving briefs by Tuesday, October 1

    b. Plaintiffs to file opposition briefs by Friday, October 25

    c. Defendants to file reply briefs (if any) by Friday, November 8

    d. Motions decided on the papers unless Judge Seibel requests oral argument.

2. Statute of limitations motions – no discovery by any parties; motions to be filed based solely on the face of the Master Complaint and its Exhibit A.

    a. Defendants to file moving briefs within 3 weeks of issuance of order on personal jurisdiction motions

11138095.1



Magistrate Judge Victoria Reznik
August 23, 2024
Page 6

      b.  Plaintiff to file opposition briefs 3 weeks after Defendants' briefs filed/served

      c.  Defendants to file reply briefs (if any) 2 weeks after Plaintiff's opposition briefs filed/served

      d.  Motions decided on the papers unless Judge Seibel requests oral argument

3.  Inapplicability of the Copyright Act to Extraterritorial Activity – no discovery by any parties; motions to be filed based solely on the face of the Master Complaint and its Exhibit A.

      a.  Defendants to file moving briefs within 3 weeks of issuance of order on statute of limitations motions

      b.  Plaintiff to file opposition briefs 3 weeks after Defendants' briefs filed/served

      c.  Defendants to file reply briefs (if any) 2 weeks after Plaintiff's opposition briefs filed/served

      d.  Motions decided on the papers unless Judge Seibel requests oral argument

4.  Whether the Singapore decision (or any aspect thereof) is binding on any of the non-GHM defendants in the U.S. case. For the reasons set forth above, Defendants would prefer to be able to submit separate motions on this topic, but may be willing to consider a joint brief if additional time were permitted for the remaining Defendants to coordinate to prepare joint papers. A proposed schedule for both options is set forth below.

      a.  Proposed timeline if Defendants submit separate motions on this topic (preferred)

           (1)  Defendants to file moving briefs within 3 weeks of issuance of order on extraterritoriality motions

           (2)  Plaintiff to file opposition briefs 3 weeks after Defendants' briefs filed/served



Magistrate Judge Victoria Reznik
August 23, 2024
Page 7

   (3) Defendants to file reply briefs (if any) 2 weeks after Plaintiff's opposition briefs filed/served

   (4) Motions decided on the papers unless Judge Seibel requests oral argument.

  b. Proposed timeline if Defendants submit joint motion on this topic (not preferred or agreed to yet, but open to considering)

   (1) Defendants to file joint moving brief within 6 weeks of issuance of order on extraterritoriality motions

   (2) Plaintiff to file opposition brief 3 weeks after Defendants' briefs filed/served

   (3) Defendants to file joint reply brief (if any) 3 weeks after Plaintiff's opposition brief filed/served

   (4) Motions decided on the papers unless Judge Seibel requests oral argument.

5. Continued settlement discussions (to be conducted simultaneously with the motion practice above). It was Defendants' understanding based on our meet and confer discussions on August 20 that Plaintiff was generally amenable to this procedure. Just yesterday, Plaintiff advised that they would prefer to require Defendants to submit a joint settlement offer by a date certain. Based on the large number of Defendants, the Defendants cannot at this time commit to a requirement to provide a global settlement offer, much less within a specific time limitation. They will, as we have communicated to the Court and to Plaintiff, continue to work together to try and develop a global settlement offer and damages model. As such, Defendants propose the following schedule.

  a. Defendants will work together to develop and if they are able to develop, will provide global settlement offer to Plaintiff along with an explanation of their damages model and any supporting documentation (i.e. expert report if any, document production).

  b. Plaintiff to provide counter-offer to Defendants within four weeks thereafter, along with Plaintiff's damages model and supporting documentation (i.e. expert reports, document production).

11138095.1



Magistrate Judge Victoria Reznik
August 23, 2024
Page 8

    c.   Thereafter, if the parties believe it will be productive, they shall jointly seek Magistrate Judge Reznik's assistance in negotiating a global resolution.

6.   Procedure after the above motions are decided:

    a.   Additional responsive pleading schedule to be discussed amongst remaining parties and a proposed schedule to be submitted to the Court for approval.

    b.   Some, but not all of the Defendants that are signed on to this proposal request that, after motion practice on the above issues is completed, a stay be applied to Defendants whose claims are ultimately derivative of the claims against Defendants that are "content providers." Such derivative Defendants would be either those that Plaintiff has classified as display only Defendants or any other Defendants that can demonstrate to the Court that they are similarly situated, while the supposed "content providers" can, with Plaintiff, undertake the burden of fact discovery, litigation, and summary judgment for certain fact intensive threshold legal issues. The Defendants that put forth this proposal argue that it should be accepted because it minimizes the burden on display-only/downstream Defendants. There is not agreement amongst all Defendants on this matter at this time, but we wanted to make sure the Court was aware of that issue.

We thank the Court for its consideration of these matters.

    Sincerely,

    Counsel for the following Defendants:
    1.   General Hotel Management, Ltd.
    2.   American Express Company
    3.   British Airways
    4.   Citibank
    5.   Travix Travel USA
    6.   About, Inc. d/b/a About.com
    7.   Alliance Reservation Network d/b/a Reservetravel.com
    8.   Bookit.com, Inc.
    9.   Expedia, Inc. d/b/a Expedia.com
    10.  Fareportal, Inc. d/b/a Cheapoair.com
    11.  Farebuzz d/b/a Farebuzz.com



Magistrate Judge Victoria Reznik
August 23, 2024
Page 9

| | | |
|---|---|---|
| 12. | Frommer Media d/b/a Frommers.com |
| 13. | Getaroom.com d/b/a Getaroom.com |
| 14. | Hotels.com GP LLC d/b/a Hotels.com d/b/a Travelnow.com |
| 15. | Hotelsbyme d/b/a Hotelsbyme.com |
| 16. | Lexyl Travel Technologies d/b/a Hotelplanner.com |
| 17. | Esteban Oliverez d/b/a Insanelycheapflights.com |
| 18. | JetBlue Airways Corporation d/b/a JetBlue.com |
| 19. | Kayak Software Corporation d/b/a Kayak.com |
| 20. | Lonely Planet Global, Inc. d/b/a Lonelyplanet.com |
| 21. | Metro Travel Guide d/b/a Metrotravelguide.com |
| 22. | Netadvantage.com d/b/a IHSadvantage.com |
| 23. | Reservation Counter d/b/a Reservationcounter.com |
| 24. | Pegasus Solutions, Inc. |
| 25. | Random House d/b/a Fodors.com |
| 26. | This Exit, LLC d/b/a Roadside merica.com |
| 27. | Travelocity.com d/b/a Travelocity.com |
| 28. | Tripadvisor, LLC d/b/a Tripadvisor.com |
| 29. | United Airlines, Inc. d/b/a Hotels.United.com |
| 30. | Gogobot, Inc. d/b/a gogobot.com |
| 31. | Qantas Airways Ltd. |
| 32. | WK Travel, Inc. |
| 33. | AOL, Inc. |
| 34. | Travelzoo, Inc. |
| 35. | Charles Kessler Associates, Inc. |
| 36. | United Airlines, Inc. Successor-In-Interest to Continental Airlines, Inc. |
| 37. | Swiss International Air Lines, LTD |
| 38. | Virgin America, Inc. |
| 39. | Virgin Vacations, Inc. |
| 40. | Virgin Atlantic Airways Limited |
| 41. | VFM Leonardo, Inc. |
| 42. | Priceline.com LLC |

11138095.1



Magistrate Judge Victoria Reznik
August 23, 2024
Page 10

43. Hotels Combined LLC
44. AGIP LLC
45. Agoda Company Pte Ltd.
46. Booking Holdings, Inc.
47. Booking.com (USA) Inc.
48. Booking.com B.V.
49. Momondo A/S
50. Rocket Travel, Inc.
51. Southwest Airlines Co.
52. Cathay Pacific
53. Signature Travel Cooperative, Inc.
54. FROSH International Travel, Inc.
55. Tzell Travel, LLC
56. trivago N.V.
57. American Airlines
58. Emerging Travel, Inc.
59. Despegar.com USA, Inc.
60. Despegar.com Corp.
61. Tablet Inc. d/b/a TABLETHOTELS.COM
62. Joseph Mazzarella d/b/a Room rate.com
63. Qatar Airways
64. Air Canada

HRH:jar

11138095.1